**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ivan BULJUBASIC,
Defendant-Appellant.**

No. 86–1263.

United States Court of Appeals,
Seventh Circuit.

Sept. 3, 1987.

Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.

### ORDER

Buljubasic has filed a "Motion to Modify Language of Order Dated February 2, 1987". Since the mandate has issued in this case, we must construe this motion as a request that we recall our mandate and modify the language of our order. We infer from the "Motion to Modify" that the language of our order has caused Buljubasic some problems in dealing with the Clerk of the Supreme Court. Having no desire to deny Buljubasic his opportunity to seek review of our decision, we now recall the mandate and modify the order of February 2 by adding the following language: "Treating the suggestion of rehearing en banc as a petition for rehearing, we deny the petition."

The statement in the motion that the order of February 2 is "absolutely incomprehensible" suggests that Buljubasic's lawyer does not understand the difference between a petition for rehearing and a suggestion of rehearing en banc. The document filed with this court was styled: "Petition for Rehearing En Banc." Although the practice of the court has varied from time to time, the *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* 62 (1987) warns counsel: "Do not mislabel the suggestion [for rehearing in banc] as a 'Petition for Rehearing In Banc.' There is no such thing. Depending on whether it is filed with a regular petition for rehearing, the correct label will be either 'Petition for Rehearing, with Suggestion for Rehearing In Banc' or merely 'Suggestion for Rehearing In Banc.'" See also Fed.R.App.P. 35(c), distinguishing between petitions for rehearing and suggestions of rehearing en banc. Counsel may request rehearing by the panel, rehearing by the full court (en banc), or both. Only a petition for rehearing by the panel requires a response from the court or affects the time to seek certiorari. Fed.R.App.P. 35(b) and (c); Stern, Gressman & Shapiro, *Supreme Court Practice* 313 (6th ed. 1986). When a document is labeled "Petition for Rehearing En Banc", a natural conclusion is that counsel has mislabeled his "suggestion" as a "petition" and seeks only review by the full court. If counsel also wants review by the panel, the petition must say "Petition for Rehearing, with Suggestion for Rehearing In Banc", as our practitioner's manual explicitly states. As counsel was apparently unaware of proper appellate practice, we have amended our order. We trust future documents will accurately reflect counsel's objectives.